# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON RAE IRWIN, | ) | CASE NO. 4:12 CV 0420 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING</u> |
| | ) | <u>MAGISTRATE'S REPORT AND</u> |
| | ) | <u>RECOMMENDATION</u> |
| GININE TRIM, | ) | |
| Warden, | ) | |
| | ) | |
| Defendant. | ) | |

      This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh.  The Report and Recommendation, issued on October 3, 2013, is hereby ADOPTED by this Court.  Petitioner filed this action requesting a writ of habeus corpus pursuant to 28 U.S.C. § 2254, challenging – *inter alia* – the constitutionality of her judgment of conviction.

      On September 2, 2004, Shannon Rae Irwin was indicted on one count of felonious assault.  A superseding indictment was filed on December 16, 2004, adding two counts of felonious assault.  All are second-degree felonies.  *See* O.R.C. § 2903.11(A)(1).  Following a bench trial, Irwin was convicted and the trial court imposed maximum, consecutive sentences.

Petitioner perfected a notice of appeal of her conviction and sentence, raising five assignments of error. The Ohio Court of Appeals rejected all five and affirmed the judgment of the trial court. Irwin subsequently moved for leave to file a delayed appeal, which was granted by the Ohio Supreme Court. Irwin set forth propositions of law that were ultimately rejected by the Supreme Court. On September 21, 2011, the Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.

Irwin has filed the instant Petition for Writ of Habeus Corpus. Magistrate Judge McHargh, considering all four of her arguments in turn, recommends that her petition be denied. Irwin did not file any objections to the Magistrate Judge's Report and Recommendation, which the Court has reviewed *de novo*. The Court concludes that the Magistrate Judge's Report properly addresses the parties' arguments and treats them wholly consistently with applicable law. The Court therefore adopts the Magistrate Judge's Report *in toto*. In addition, for the reasons stated in the same Report, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). IT IS SO ORDERED.

          */s/Donald C. Nugent*
          DONALD C. NUGENT
          United States District Judge

DATED: January 17, 2014